**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIM JONES, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>REGAL CINEMAS INC.,<br><br>       Defendant. | Case No.: 1:23-cv-11145<br><br>Hon. Margaret M. Garnett, U.S.D.J. |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT REGAL CINEMAS, INC.'S MOTION TO DISMISS

**BRYAN CAVE LEIGHTON PAISNER LLP**
Jonathan B. Potts (admitted *pro hac vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
T: 314-259-2403
E: Jonathan.Potts@bclplaw.com

-and-

**BRYAN CAVE LEIGHTON PAISNER LLP**
Laith J. Hamdan
1290 Avenue of the Americas
New York, NY 10104
T: 212-541-2328
E: Laith.Hamdan@bclplaw.com

*Attorneys for Defendant Regal Cinemas, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF FACTS .......................................................................................................... 2
LEGAL STANDARD................................................................................................................... 3
ARGUMENT................................................................................................................................. 4
    I.    Plaintiff Lacks Article III Standing to Bring His ACAL Claim in Federal Court. ................................................................................................................................ 4
        A.    Plaintiff Did Not Experience Concrete Monetary Harm. ........................... 5
        B.    Plaintiff Did Not Experience Concrete Harm Through a Few Seconds' Delay. ........................................................................................ 7
        C.    Plaintiff Did Not Experience a Concrete Informational Injury. ................. 8
        D.    Plaintiff Lacks Article III Standing to Seek Injunctive Relief.................. 10
CONCLUSION........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank v. CreditGuard of America*,
  No. 18-CV-1311 (PKC) (RLM), 2019 WL 1316966 (E.D.N.Y. Mar. 22, 2019) ...................... 8

*Calcano v. Swarovski N. Am. Ltd.*,
  36 F.4th 68 (2d Cir. 2022) ................................................................................................... 10

*Carovillano v. Sirius XM Radio Inc.*,
  No. 23 Civ. 4723 (PAE), 2024 WL 450040, --- F. Supp. 3d ---, (S.D.N.Y. Feb.
  6, 2024) ................................................................................................................................ 10

*Citizens United to Protect Our Neighborhoods v. Village of Chestnut Ridge, New
  York*,
  No. 22-2710, --- F.4th ---, 2024 WL 1471268 (2d Cir. Apr. 5, 2024) ....................................... 3

*Deng v. Frequency Elec., Inc.*,
  640 F. Supp. 3d 255 (E.D.N.Y. 2022) ..................................................................................... 8

*Do No Harm v. Pfizer Inc.*,
  96 F.4th 106 (2d Cir. 2024) ..................................................................................................... 3

*Ghaznavi v. De Longhi Am., Inc.*,
  No. 22 Civ. 1871 (KPF), 2023 WL 4931610 (S.D.N.Y. Aug. 2, 2023) ................................... 7

*Grinblat v. Frontline Asset Strategies, LLC*,
  No. 7:22-CV-4467 (NSR), 2023 WL 5002474 (S.D.N.Y. Aug. 4, 2023) ................................ 8

*Harty v. West Point Realty, Inc.*,
  38 F.4th 435 (2d Cir. 2022) ................................................................................................ 5, 8

*Kola v. Forster & Garbus LLP*,
  No. 19-CV-10496 (CS), 2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021) ................................. 9

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
  386 F.3d 107 (2d Cir. 2004) .................................................................................................... 3

*Spitz v. Caine & Weiner Co.*,
  No. 23-CV-7853 (PKC) (CLP), 2024 WL 69089 (E.D.N.Y. Jan. 5, 2024) ............................. 8

*Tavor v. Troia*,
  No. 23-CV-7724 (ARR) (CLP), 2024 WL 360571 (E.D.N.Y. Jan. 31, 2024) ......................... 9

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ...................................................................................................... *passim*

*Warth v. Seldin*,
    422 U.S. 490 (1975) ................................................................................................................3

**Statutes**

New York Arts & Cultural Affairs Law § 25.07(4) ...............................................................1, 5, 6

New York Arts & Cultural Affairs Law § 25.29(1) ........................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................1, 2, 3, 11

U.S. Const. art. III, § 1 ....................................................................................................................4

U.S. Const. art. III, § 2 ....................................................................................................................4

Under Fed. R. Civ. P. 12(b)(1), Defendant Regal Cinemas, Inc. ("Regal"), by and through its attorneys, hereby respectfully moves this Court for an Order dismissing Plaintiff Tim Jones' ("Plaintiff") Complaint for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff lacks Article III standing because he fails to allege a concrete harm. According to the Complaint, Plaintiff purchased a single movie ticket on Regal's website. The website displayed the face value of a movie ticket for his age group and noted that the face value "Exclud[ed] Booking Fees." Two to three clicks (and a few seconds) later – *i.e.*, after Plaintiff selected his seat – Regal itemized the total price, including the $1.80 Booking Fee. Plaintiff then moved to Regal's payment portal to complete his purchase. Regal thus itemized all costs and fees, including the exact amount of the Booking Fee, *before* Plaintiff entered his payment information and purchased the movie ticket. Nevertheless, Plaintiff brought this putative class action under New York Arts & Cultural Affairs Law ("ACAL") § 25.07(4), alleging a technical violation of that statute.

Online retailers and their customers conduct millions of transactions every day through itemized, online checkout systems just like the one Plaintiff used. Notwithstanding Regal's full, explicit disclosure of the "total cost and fees" before Plaintiff entered his payment information, Plaintiff alleges the ACAL required Regal to disclose the total cost and fees a few moments earlier. On behalf of the putative class, for every alleged technical violation of the ACAL, Plaintiff seeks statutory liquidated damages of $50 because of the fully disclosed $1.80 Booking Fee.

Without conceding any state-law violations by Regal, Plaintiff lacks standing to seek monetary or injunctive relief in federal court. States cannot elevate legal infractions into Article III injuries by creating a new cause of action. This Court lacks subject matter jurisdiction because Plaintiff does not – and cannot – allege concrete harm resulting from the transaction. The

-1-

Complaint demonstrates that Regal conspicuously disclosed the existence and amount of the Booking Fee *before* Plaintiff purchased his movie ticket. The ACAL does not *prohibit* booking fees; the ACAL endeavors to regulate the timing of a disclosure. But Plaintiff did not experience concrete harm by waiting a few moments to learn the exact amount before he decided to purchase a movie ticket. Because Plaintiff lacks standing in federal court, this action must be dismissed for lack of subject matter jurisdiction. These allegations, if cognizable, must be brought in state court.

## **STATEMENT OF FACTS**[1]

Plaintiff purchased a ticket through Regal's website to attend a movie at a cinema operated by Regal. (Compl. ¶ 7). After Plaintiff chose a film, location, and showtime (*id.* ¶ 10), the website displayed the face values of Regal's tickets for different age groups – Adult, Child, and Senior. (*Id.* ¶ 11 & fig. 3). After selecting one Adult ticket, the page arithmetically added the face value of all tickets selected, "Excluding Booking Fees." (*Id.*).

Next, Regal directed Plaintiff to another page that gave him the option to select an available seat inside the theater. (*Id.* ¶ 12 & fig. 4). After Plaintiff selected a seat – but before Plaintiff agreed to purchase his ticket for that seat – Regal directed Plaintiff to a summary page that displayed the total amount required to purchase the selected movie ticket, including the exact amount of the "Booking Fee": $1.80. (*Id.* ¶ 13 & fig. 5).

Following this disclosure, Plaintiff had to select his method of payment: Credit or Debit Card, Gift Card, PayPal, Pay with G Pay, or Venmo. (*Id.*). Although Plaintiff does not plead his method of payment, Plaintiff had to "Add" his chosen payment method (*e.g.*, by entering credit card information) before Plaintiff finalized his purchase. (*See id.*).

---

[1] For purposes of Fed. R. Civ. P. 12(b)(1), Regal recites these facts as set forth in the Complaint, and the documents referred to therein, without admitting their truth or falsity.

Plaintiff alleges that he was harmed because he was "forced to pay Defendant's booking fee … even though that booking fee was not disclosed to Plaintiff at the *beginning* of the purchase process." (*Id.* ¶ 31) (emphasis added). Plaintiff does not plead details of any personalized harm based on timing. On this basis, however, Plaintiff brings a single count under the ACAL, seeking "to recover his actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees," as well as injunctive relief. (*Id.* ¶ 32). Finally, Plaintiff seeks to represent a nationwide class and a New York subclass of all individuals "who purchased electronic tickets to any film screenings in any cinema location in the State of New York from Defendant's website [or, for the New York subclass, mobile phone application] on or after August 29, 2022, and used Defendant's Guest Checkout." (*Id.* ¶¶ 18–19).

## **LEGAL STANDARD**

Whether a plaintiff has Article III standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To assess standing, a court "must accept as true all material factual allegations in the complaint," but it must not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). If the plaintiff lacks Article III standing, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is appropriate because the district court lacks the constitutional power to adjudicate the action. *Citizens United to Protect Our Neighborhoods v. Village of Chestnut Ridge, New York*, No. 22-2710, --- F.4th ----, 2024 WL 1471268, at *2 (2d Cir. Apr. 5, 2024). "Once a federal court determines it lacks subject matter jurisdiction, 'the court must dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

**ARGUMENT**

I. **Plaintiff Lacks Article III Standing to Bring His ACAL Claim in Federal Court.**

Article III "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); U.S. Const. art. III, §§ 1–2. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case – in other words, standing." *TransUnion*, 594 U.S. at 423 (internal quotations omitted). "To demonstrate their personal stake, plaintiffs must be able to sufficiently answer the question: What's it to you?" *Id.* (internal quotation omitted). To overcome this test, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*

The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* at 426 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). "[U]nder Article III, an injury in law is not an injury in fact." *Id.* at 427. On the contrary, the "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment." *Id.* at 426.

"For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of [state] law, and (ii) a plaintiff's suffering *concrete harm because of* the defendant's violation of [state] law." *Id.* at 426–27 (emphasis added). In other words, "'Article III grants federal courts the power to redress harms

that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'" *Id.* at 427 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019) (Barrett, J.)). Thus, "a plaintiff has standing to bring a claim for monetary damages following a statutory violation *only when he can show a current or past harm beyond the statutory violation itself.*" *Harty v. West Point Realty, Inc.*, 38 F.4th 435, 443 (2d Cir. 2022) (emphasis added).

### A.     Plaintiff Did Not Experience Concrete Monetary Harm.

Here, the Complaint fails to show that Plaintiff suffered a concrete harm. To begin, Plaintiff does not dispute that Regal provided exactly what Plaintiff paid for: (i) a movie ticket (ii) for a specific film (iii) at a specific theater (iv) at a specific time (v) in a specific seat. Instead, Plaintiff brings this action based on a state-law cause of action under ACAL § 25.33 arising out of an alleged violation of ACAL § 25.07(4). The latter statute provides, in relevant part:

> Every operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase.

ACAL § 25.07(4). But Plaintiff's own screenshot demonstrates that Regal satisfied the first part of this provision. Namely, Regal disclosed: "the total cost of the ticket [$20.80], inclusive of all ancillary fees that must be paid in order to purchase the ticket [the Booking Fee], and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser [$1.80]":



(Compl. ¶ 13 & fig. 5). Plaintiff's Complaint, therefore, turns on his contention that Regal violated the next sentence of ACAL § 25.07(4) by failing to make this disclosure "prior to the ticket being selected for purchase" because an *earlier* webpage did not disclose the exact amount of the Booking Fee instead of the summary page that prompted him to enter payment information and then purchase the ticket.[2] (*See id.* ¶ 28). There is no question, however, that Regal made Plaintiff aware that he would need to pay the Booking Fee. Plaintiff alleges that: (i) Regal's earlier webpage indicated that the face value of the ticket "Exclud[ed] Booking Fees," and (ii) as depicted above,

---

[2] To be clear, Regal does not concede that Plaintiff's interpretation of when his ticket was "selected for purchase" is correct.

Regal subsequently disclosed the "total cost," including the $1.80 Booking Fee, before Plaintiff could add a payment method and then purchase the ticket. (*Id.* ¶¶ 11–13, 31 & figs. 3–5). Thus, at most, Plaintiff's allegations seek to describe an "infraction" under Plaintiff's reading of the statute, but not a concrete harm. *TransUnion*, 594 U.S. at 426. Indeed, the screenshot in Figure 5 depicts an itemized online transaction that occurs millions of times every day for innumerable online retailers. Unlike those transactions, however, Plaintiff seeks to collect statutory liquidated damages of $50 per infraction based on his reading of state law.

The Complaint offers a conclusory allegation that Plaintiff "was harmed by paying this booking fee." (Compl. ¶ 31). Charging a booking fee, however, is not itself a statutory violation. *See* ACAL § 25.29(1) ("[N]othing in this article shall be construed to prohibit a reasonable service charge by the operator or agents of the operator for special services, including but not limited to, sales away from the box office, credit card sales or delivery."). Furthermore, Plaintiff does not allege that the timing of Regal's disclosure of the amount ($1.80) *harmed* him. As other courts have recognized in the standing context, "[o]verpayment injuries are premised on deceit. In consequence, consumers who are aware of a product's true nature (in other words, to whom the terms of the deal are fully disclosed) cannot claim that they would have paid less for a product had they been informed." *Ghaznavi v. De Longhi Am., Inc.*, No. 22 Civ. 1871 (KPF), 2023 WL 4931610, at *6 (S.D.N.Y. Aug. 2, 2023). Plaintiff does not – and cannot – claim that he was deceived by the booking fee and experienced concrete monetary harm.

B. **Plaintiff Did Not Experience Concrete Harm Through a Few Seconds' Delay.**

Reduced to its essence, the Complaint alleges that Regal's website created a several-second delay by failing to disclose the exact dollar amount of the Booking Fee on the age group page (or perhaps the seat selection page) instead of the summary page. Again, Plaintiff's allegations of a technical violation do not suggest that Plaintiff experienced "concrete harm" because of those few

seconds of delay.  Delay or inconvenience are not, on their own, sufficient to establish standing. *See Spitz v. Caine & Weiner Co.*, No. 23-CV-7853 (PKC) (CLP), 2024 WL 69089, at *3 (E.D.N.Y. Jan. 5, 2024) ("[A]llegations of wasted time … alone are insufficient to establish standing unless they are inextricably linked to a separate concrete, tangible injury.") (internal quotation marks and alterations omitted); *Grinblat v. Frontline Asset Strategies, LLC*, No. 7:22-CV-4467 (NSR), 2023 WL 5002474, at *3 (S.D.N.Y. Aug. 4, 2023) ("[T]he expenditure of time alone is insufficient to establish standing unless it is inextricably linked to a concrete, tangible injury.").   Similarly, mere allegations that Regal did not disclose information at an *earlier* moment in time are insufficient to establish a concrete harm.  *See Deng v. Frequency Elec., Inc.*, 640 F. Supp. 3d 255, 265, 267 (E.D.N.Y. 2022) (employer's failure to provide wage notice "at the time of hiring," as required by statute, did not create standing); *Bank v. CreditGuard of America*, No. 18-CV-1311 (PKC) (RLM), 2019 WL 1316966, at *10 (E.D.N.Y. Mar. 22, 2019) (telemarketer's failure to "state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted" did not create standing).³  Therefore, Plaintiff also lacks Article III standing under this theory.

### C. Plaintiff Did Not Experience a Concrete Informational Injury.

Plaintiff's prior letter also suggests an "informational injury" arising from Regal's method of disclosure.  *See TransUnion*, 594 U.S. at 441.  As a threshold matter, Plaintiff was not deprived of any "information" before he paid Regal and received his movie ticket.  Furthermore, even when a plaintiff is "deprived of information to which he is entitled by [statute], he must also allege 'downstream consequences from failing to receive the required information' in order to have an

---

³ Although the *Bank* court considered whether the harm alleged was the type of harm contemplated by the legislature in enacting the statute, 2019 WL 1316966 at *11, *TransUnion* makes clear that legislative intent to protect an interest is not sufficient to establish standing.  *See Harty*, 28 F.4th at 443.

Article III injury in fact." *Harty*, 28 F.4th at 444 (quoting *TransUnion*, 594 U.S. at 442) (affirming dismissal where plaintiff alleged no concrete injury arising from website's alleged violation of ADA). In *TransUnion* itself, the defendant allegedly failed to provide plaintiffs with "information in the format required by statute," but the Supreme Court held that the plaintiffs lacked standing because they failed to demonstrate "that the format of [the defendant's] mailings caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 440–41.

Since *TransUnion*, courts have rejected similar allegations of "informational injuries" based on statutory infractions. *See, e.g.*, *Tavor v. Troia*, No. 23-CV-7724 (ARR) (CLP), 2024 WL 360571, at *4 (E.D.N.Y. Jan. 31, 2024); *Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 WL 4135153, at *2 (S.D.N.Y. Sept. 10, 2021). In *Tavor*, for example, the plaintiff alleged that he was confused by debt collection letters that failed to include information required by statute. 2024 WL 360571, at *4. The court determined that his statutory violation was "most analogous to harms that have traditionally given rise to a cause of action for fraudulent or negligent misrepresentation," both of which "require that the alleged harm spring from some justifiable reliance on the misrepresentation or omission." *Id.* at *4. Because the plaintiff failed to allege "that he acted, or failed to act, to his detriment in reliance on the incomplete information in the letters," the court dismissed the claim for lack of subject matter jurisdiction. *Id.*

Similarly, in *Kola*, the plaintiff alleged a statutory violation based on the defendant's mailing of debt collection letters to the plaintiff with conflicting balance amounts. 2021 WL 4135153, at *2. Again, the court analogized the violation to traditional fraudulent or negligent misrepresentation and held that the plaintiff could not demonstrate a concrete harm because she

did not establish that the letters contained a misrepresentation or that she detrimentally relied on the letters. *Id.* at *7 (rejecting plaintiff's arguments relying on "pre-*TransUnion* cases").

Plaintiff's position is even weaker than the plaintiffs in *Tavor* and *Kola* because there was no deficiency in the information at Plaintiff's fingertips before he purchased a movie ticket. Regal disclosed all the necessary information before Plaintiff decided to proceed with the purchase. As a result, Plaintiff did not experience a concrete harm, and this Court lacks subject matter jurisdiction.[4]

### D. Plaintiff Lacks Article III Standing to Seek Injunctive Relief.

"Article III requires that a plaintiff "demonstrate standing separately for each form of relief sought." *Carovillano v. Sirius XM Radio Inc.*, No. 23 Civ. 4723 (PAE), 2024 WL 450040, --- F. Supp. 3d ----, (S.D.N.Y. Feb. 6, 2024) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)). For the same reasons, Plaintiff also lacks standing to pursue injunctive relief instead of monetary relief.

"Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *Id.* (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). Purchasers of products or services who pursue claims under consumer statutes are typically unable to establish a threat of future injury because, once the purchasers become aware of the practices alleged in their complaint, "'there is no reason to believe that' they 'will incur a harm anew.'" *Id.* (quoting *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020)); *see also Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68, 72 (2d Cir. 2022) ("[C]onclusory allegations of intent to return" to a business "are not enough – in order to 'satisfy the concrete-harm

---

[4] Plaintiff may elect to pursue his claims in state court, which is not subject to the constitutional limitations of Article III.

requirement' and to 'pursue forward-looking, injunctive relief,' Plaintiffs must establish a 'material risk of future harm' that is 'sufficiently imminent and substantial.'") (quoting *TransUnion*, 594 U.S. at 435).

Plaintiff does not plead any basis for seeking injunctive relief. He does not allege that he intends to purchase another movie ticket on Regal's website, much less that he is subject to a material risk of imminent and substantial harm by the manner in which Regal discloses its Booking Fee. Given that Plaintiff is already aware of the sequence of the purchase process, and the amount of this fee, he cannot plausibly allege any such harm. Plaintiff therefore lacks Article III standing to pursue injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff lacks standing to pursue this action in federal court. Accordingly, Regal respectfully submits that the Court should enter an Order, pursuant to Fed. R. Civ. P. 12(b)(1), dismissing this action for lack of subject matter jurisdiction.

-12-

Dated: April 12, 2024      **BRYAN CAVE LEIGHTON PAISNER LLP**
     St. Louis, MO

By:   */s/ Jonathan B. Potts*
    Jonathan B. Potts (admitted *pro hac vice*)
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, MO 63102
    T: 314-259-2403
    E: Jonathan.Potts@bclplaw.com

-and-

    Laith J. Hamdan
    1290 Avenue of the Americas
    New York, NY 10104
    T: 212-541-2000
    E: ERieder@bclplaw.com
    E: Laith.Hamdan@bclplaw.com

*Attorneys for Defendant*