## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIM JONES, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>    v.<br><br>REGAL CINEMAS, INC.,<br><br>                     Defendant. | Civil Action No. 1:23-cv-11145-MMG<br><br>Hon. Margaret M. Garnett |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Dated:  November 13, 2024

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*Pro Hac Vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: sbogdanovich@bursor.com

*Proposed Class Counsel*

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ............................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................... 2

    A.    New York Arts & Cultural Affairs Law § 25.07(4)............................... 2

    B.    Plaintiff's Allegations ............................................................................ 2

    C.    The Litigation And Settlement Negotiations ........................................ 3

TERMS OF THE SETTLEMENT ............................................................................... 4

    A.    Class Definition ..................................................................................... 4

    B.    Monetary Relief ..................................................................................... 5

    C.    Prospective Relief ................................................................................. 5

    D.    Release ................................................................................................... 5

    E.    Notice And Administration Expenses .................................................... 5

    F.    Service Award ........................................................................................ 6

    G.    Attorneys' Fees, Costs, And Expenses ................................................. 6

ARGUMENT ................................................................................................................ 6

I.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE......................................................................................... 6

    A.    The *Grinnell* Factors ............................................................................. 8

        1.    Litigation Through Trial Would Be Complex, Costly, And Long (*Grinnell* Factor 1).......................................................8

        2.    The Reaction Of The Class (*Grinnell* Factor 2).........................................10

        3.    Discovery Has Advanced Far Enough To Allow The Parties To Responsibly Resolve The Case (*Grinnell* Factor 3)...........................10

        4.    Plaintiff Would Face Real Risks If The Case Proceeded (*Grinnell* Factors 4 And 5)........................................................11

        5.    Establishing A Class And Maintaining It Through Trial Would Not Be Simple (*Grinnell* Factor 6) ...............................11

        6.    Defendant's Ability To Withstand A Greater Judgment (*Grinnell* Factor 7) ......................................................................12

        7.    The Settlement Amount Is Reasonable In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 And 9)........................................................12

    B.    The Rule 23(e)(2) Factors ................................................................... 13

i

| | 1. | The Class Representative And Class Counsel Have Adequately Represented The Class (Rule 23(e)(2)(A)) | 13 |

|  |  | 1. | The Class Representative And Class Counsel Have Adequately Represented The Class (Rule 23(e)(2)(A))...........................13 |
|---|---|---|---|
|  |  | 2. | The Settlement Was Negotiated At Arm's Length ...................14 |
|  |  | 3. | The Settlement Provides Adequate Relief To The Class..........................14 |
|  |  | 4. | The Settlement Treats All Class Members Equally...............................16 |
| II. | CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE............................................................................................... 17 |  |  |
|  | A. | Numerosity................................................................................................. 18 |  |
|  | B. | Commonality.............................................................................................. 18 |  |
|  | C. | Typicality ................................................................................................... 19 |  |
|  | D. | Adequacy Of The Named Plaintiff ............................................................ 20 |  |
|  | E. | The Proposed Settlement Class Satisfies Requirements Of Rule 23(b)(3) ..................................................................................................... 21 |  |
|  |  | 1. | Common Questions Predominate ..............................................21 |
|  |  | 2. | A Class Action Is A Superior Mechanism...............................22 |
| III. | PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ............................................................................................................ 23 |  |  |
| IV. | THE PROPOSED NOTICE PLAN SHOULD BE APPROVED...................................... 23 |  |  |
|  | A. | The Content Of The Proposed Class Notice Complies With Rule 23(c)(2) ...................................................................................................... 23 |  |
|  | B. | Distribution Of The Class Notice Will Comply With Rule 23(c)(2).................... 24 |  |
| CONCLUSION ......................................................................................................................... 25 |  |  |  |

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................. 17, 21, 22

*Brown v. Title Ticor Ins. Co.*,
  982 F.2d 386 (9th Cir. 1992) ............................................................................... 21

*Cassese v. Washington Mutual, Inc.*,
  255 F.R.D. 89 (E.D.N.Y. 2008) .......................................................................... 22

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ......................................................................... 7, 8, 12

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) .................................................................................. 18

*County of Suffolk v. Long Island Lighting Co.*,
  710 F. Supp. 1422 (E.D.N.Y. 1989) .................................................................... 17

*Denney v. Deutsche Bank AG*,
  443 F.3d 253 (2d Cir. 2006) ................................................................................ 20

*Dziennik v. Sealift, Inc.*,
  2007 WL 1580080 (E.D.N.Y. May 29, 2007) ...................................................... 20

*Ebin v. Kangadis Food Inc.*,
  297 F.R.D. 561 (S.D.N.Y. 2014) ................................................................... 20, 21

*Esposito v. Nations Recovery Center, Inc.*,
  2021 WL 2109077 (D. Conn. May 25, 2021) ....................................................... 12

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005) ............................................................. 16, 18, 22

*Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Family Trust*,
  925 F.3d 63 (2d Cir. 2019) .................................................................................... 7

*Gilliam v. Addicts Rehab. Ctr. Fund*,
  2008 WL 782596 (S.D.N.Y. Mar. 24, 2008) ....................................................... 13

*Green v. Wolf Corp.*,
  406 F.2d 291 (2d Cir. 1968) ................................................................................ 22

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................. 23

*Hayes v. Harmony Gold Min. Co.*,
  2011 WL 6019219 (S.D.N.Y. Dec. 2, 2011) .......................................... 15

*In re Austrian & German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000) ........................................... 9, 10, 11

*In re GSE Bonds Antitrust Litig.*,
  414 F. Supp. 3d 686 (S.D.N.Y. 2019) .................................................. 14, 15

*In re Michael Milken & Assocs. Sec. Litig.*,
  150 F.R.D. 57 (S.D.N.Y. 1993) ............................................................ 24

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
  330 F.R.D. 11 (E.D.N.Y. 2019) ........................................ 13, 14, 15, 16

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
  2019 WL 6875472 (E.D.N.Y. Dec. 16, 2019) ......................................... 8

*In re Scotts EZ Seed Litig.*,
  304 F.R.D. 397 (S.D.N.Y. 2015) .......................................................... 20

*In re Traffic Executive Ass'n*,
  627 F.2d 631 (2d Cir. 1980) ................................................................... 7

*In re Visa Check/MasterMoney Antitrust Litig.*,
  280 F.3d 124 (2d Cir. 2001) ................................................................. 22

*In re Warner Chilcott Ltd. Sec. Litig.*,
  2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008) ....................................... 10

*Joel A. v. Giuliani*,
  218 F.3d 132 (2d Cir. 2000) ................................................................. 16

*Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*,
  333 F.R.D. 314 (S.D.N.Y. 2019) ............................................................ 8

*Kamean v. Local 363, Int'l Bhd. of Teamsters*,
  109 F.R.D. 391 (S.D.N.Y. 1986) ......................................................... 18

*Marisol A. v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997) ................................................................. 19

*Martens v. Smith Barney Inc.*,
  181 F.R.D. 243 (S.D.N.Y. 1998) ......................................................... 20

iv

*Maywalt v. Parker & Parsley Petroleum Co.*,
   67 F.3d 1072 (2d Cir. 1995)..................................................................... 6

*McBean v. City of New York*,
   228 F.R.D. 487 (S.D.N.Y. 2005) .............................................................. 21

*Meredith Corp. v. SESAC, LLC*,
   87 F. Supp. 3d 650 (S.D.N.Y. 2015)......................................................... 16

*Moses v. The New York Times Co.*,
   79 F.4th 235 (2d Cir. 2023) ................................................................. 7, 16

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)................................................................................... 21

*Pichardo v. Carmine's Broadway Feast Inc.*,
   2016 WL 5338551 (S.D.N.Y. Sept. 26, 2016)..................................... 19, 22

*Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*,
   698 F.2d 150 (2d Cir. 1983)..................................................................... 18

*Reyes v. Altamarea Grp.*,
   2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) ......................................... 16

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)..................................................................... 19

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986)..................................................................... 21

*Savino v. Computer Credit, Inc.*,
   173 F.R.D. 346 (E.D.N.Y. 1997) .............................................................. 18

*TBK Partners, Ltd. v. Western Union Corp.*,
   517 F. Supp. 380 (S.D.N.Y. 1981) ............................................................. 9

*Torres v. Gristede's Oper. Corp.*,
   2010 WL 5507892 (S.D.N.Y. Dec. 21, 2010) ......................................... 10

*Toure v. Cent. Parking Sys.*,
   2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007).......................................... 20

*Trief v. Dun & Bradstreet Corp.*,
   144 F.R.D. 193 (S.D.N.Y. 1992) .............................................................. 18

*Trinidad v. Breakaway Courier Sys., Inc.*,
   2007 WL 103073 (S.D.N.Y. Jan. 12, 2007) ............................................ 19

*Wagner v. NutraSweet Co.*,
  95 F.3d 527 (7th Cir. 1996) ..................................................................... 19

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)................................................................... 18, 21

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005)......................................................................... 6

**STATUTES**

28 U.S.C. § 1715........................................................................................ 25

New York Arts & Cultural Affairs Law § 25.07(4)............................... passim

**RULES**

Fed. R. Civ. P. 23 ......................................................................... 17, 23, 24

Fed. R. Civ. P. 23(a) ..................................................................... 17, 21, 22

Fed. R. Civ. P. 23(a)(1) ................................................................................ 18

Fed. R. Civ. P. 23(b) .................................................................................... 17

Fed. R. Civ. P. 12(b)(1)................................................................................. 3

Fed. R. Civ. P. 23(b)(3)......................................................................... passim

Fed. R. Civ. P. 23(c)(2) ......................................................................... 23, 24

Fed. R. Civ. P.23(c)(2)(B) ........................................................................... 23

Fed. R. Civ. P. 23(c)(3) ............................................................................... 24

Fed. R. Civ. P. 23(e) ...................................................................................... 8

Fed. R. Civ. P. 23(e)(2) ....................................................................... 8, 13, 14

Fed. R. Civ. P. 23(e)(2)(A) ......................................................................... 13

Fed. R. Civ. P. 23(e)(2)(C)(iii) ..................................................................... 7

Fed. R. Civ. P.  23(e)(2)(C)(i-iv) ................................................................. 14

Fed. R. Civ. P. 23(e)(2)(C)-(D)..................................................................... 7

Fed. R. Civ. P. 23(e)(2)(D) ......................................................................... 16

Fed. R. Civ. P.  23(e)(3); and (D) ............................................................ 8, 14

Fed. R. Civ. P.  23(f) ................................................................................ 12

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv) ........................................................... 23

Fed. R. Civ. P. 23(g)(1)(B) ...................................................................... 23

## OTHER AUTHORITIES

Factors 4 .................................................................................................. 11

Factors 8 .................................................................................................. 12

Newberg on Class Actions § 11.25 ............................................................ 7

Newberg on Class Actions § 11.27 .......................................................... 17

Newberg on Class Actions § 11.41 (4th ed. 2002) ..................................... 6

## INTRODUCTION

In this putative class action, Plaintiff Tim Jones ("Plaintiff") alleges that Defendant Regal Cinemas, Inc. ("Defendant") failed to disclose a "booking fee" for online purchase of tickets to its movie theaters in New York state (the "Booking Fee") at the first time that the purchaser saw the purchase price of the tickets, in alleged violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4).[1]

After several substantive settlement discussions and a full-day mediation with The Honorable Shira A. Scheindlin (Ret.), formerly of the Southern District of New York, the Parties have reached a proposed settlement ("Settlement" or "Agreement"). Defendant collected $2,380,551.54 in allegedly unlawful Booking Fees during the class period. And the resulting Settlement creates a $2,500,000.00 non-reversionary Settlement Fund, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved service award to Plaintiff, and attorneys' fees, costs, and expenses to proposed Class Counsel. Each Settlement Class Member who submits a simple Claim Form will receive a *pro rata* cash payment as a percentage of the total Out-of-Pocket Fees he or she paid to Defendant during the class period. And, just as important, the proposed Settlement also provides meaningful prospective relief aimed at the challenged conduct. Shortly after the lawsuit was filed, Defendant changed the purchase flow for tickets to New York theaters on its Website in a manner that clearly and conspicuously discloses the total cost of the tickets, inclusive of Booking Fees, prior to the ticket being selected for purchase, and as part of the Settlement, agrees to maintain that flow.

---

[1] Capitalized terms used in this memorandum are defined in the Class Action Settlement Agreement (the "Settlement"), attached to the Declaration of Philip L. Fraietta In Support of Plaintiff's Unopposed Motion for Preliminary Approval ("Fraietta Decl.") as Exhibit 1.

The Court should have no hesitation finding that the Settlement falls within the range of possible approval, and indeed, closely follows other ACAL § 25.07(4) settlements which were recently finally approved by Judges Oetken and Rakoff. *See Norcross v. Tishman Speyer Properties, L.P.*, Case No. 1:23-cv-11153-JPO, ECF No. 36 (S.D.N.Y. Aug. 16, 2024); *see also Charles v. Color Factory, LLC*, Case No. 1:24-cv-00322-JSR, ECF No. 48 (S.D.N.Y. Nov. 7, 2024). Accordingly, Plaintiff respectfully requests that the Court (1) grant preliminary approval of the proposed Settlement; (2) conditionally certify the Settlement Class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint Philip L. Fraietta and Stefan Bogdanovich of Bursor & Fisher, P.A. as Class Counsel; (4) appoint Plaintiff as the Class Representative for the Settlement Class; (5) approve the Notice Plan described in the Settlement and direct its distribution; and (6) schedule a hearing for final approval.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    New York Arts & Cultural Affairs Law § 25.07(4)

Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that:

> Every operator or operator's agent of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner <u>the portion of the ticket price stated in dollars that represents a service charge</u>, or <u>any other fee</u> or surcharge to the purchase. Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>. … The price of the ticket shall not increase during the purchase process.

*Id.* (emphasis added). The ACAL provides a private right of action to "any person who has been injured by reason of violation of" its provisions. ACAL § 25.33.

### B.    Plaintiff's Allegations

Defendant owns and operates movie theaters across the country, including in New York.

*See* Complaint (ECF No. 1) ("Compl.") ¶ 8.  Plaintiff alleges that when consumers purchase movie tickets to a New York theater on Defendant's Website, they are "quoted a fee-less price, only to be ambushed by a $1.80 'booking fee' at checkout after clicking through the various screens required to make a purchase."  *Id.* ¶ 1; *see also id.* ¶¶ 9-15 and Figures 1-7.  Plaintiff alleges that this conduct violates ACAL § 25.07(4) because Defendant failed to "disclose the 'total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket' after a ticket is selected," and because Defendant "increase[ed] the price of their tickets during the purchase process."  *Id.* ¶¶ 28-29.  Plaintiff purchased a ticket to a New York theater on Defendant's Website and was forced to pay Defendant's Booking Fee.  *Id.* ¶ 31.

### C.    The Litigation And Settlement Negotiations

Plaintiff filed this case on December 22, 2023.  ECF No. 1.  On February 16, 2024, Defendant responded to the Complaint with a pre-motion letter requesting permission to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 9.  Plaintiff opposed the letter on February 24, 2024.  ECF No. 10.  The Court conducted a pre-motion conference on March 13, 2024, at which it granted Defendant leave to file its motion to dismiss.

On April 12, 2024, Defendant filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). ECF No. 18. On May 13, 2024, Plaintiff opposed Defendant's motion to dismiss (ECF No. 20) and on May 28, 2024, Defendant filed a reply in further support of the motion to dismiss. ECF No. 22.

From the outset of the case, the Parties engaged in settlement discussions and, to that end, agreed to participate in a private mediation with Judge Scheindlin.  Declaration of Philip L. Fraietta In Support of Motion for Preliminary Approval ("Fraietta Decl.") ¶ 7.  As part of the mediation, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, specifically the amount of Booking Fees Defendant collected during

the relevant time period.  *Id.* ¶ 8.  Given that the information exchanged would have been, in large part, the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.  *Id.* ¶ 9.  On September 30, 2024, the Parties conducted a full-day mediation before Judge Scheindlin.  *Id.* ¶ 10.  At the conclusion of the mediation, the Parties reached an agreement on all material terms of a class action settlement and executed a term sheet.  *Id*.  In the weeks following, a Settlement Administrator was engaged and the Parties, in consultation with the Settlement Administrator on matters of notice and claims administration, negotiated the full-form Settlement.  Fraietta Decl. ¶ 11 and Ex. 1.

## <u>TERMS OF THE SETTLEMENT</u>

The key terms of the Settlement are briefly summarized as follows:

### A.    Class Definition

The "Settlement Class" or "Settlement Class Members" is defined as:

> [A]ll individuals in the United States who purchased electronic
> tickets to any film screening in any of Defendant's cinemas located
> in New York state from Defendant's Website from July 31, 2023,
> to and through July 15, 2024, using the guest checkout process.[2]

Settlement ¶¶ 1.38, 1.39.  Discovery demonstrated that Defendant changed the purchase flow for tickets to New York theaters on its Website in a manner that clearly and conspicuously discloses the total cost of the tickets, inclusive of Booking Fees, prior to the ticket being selected for

---

[2] Excluded from the Settlement Class are (1) any member of the Regal Crown Club program from July 31, 2023, to and through July 15, 2024; (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) persons who submit a timely and valid request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded persons; and (6) Class Counsel.

purchase, as of July 16, 2024.  Fraietta Decl. ¶ 12.  Furthermore, all causes of action against Defendant that arose prior to July 31, 2023, were discharged in bankruptcy.  *In re Cineworld Grp. PLC*, Case No. 22-90168 (S.D. Tx.) at ECF No. 1982 ¶ 98; 1943, § IX[A]; ECF No. 2067.

**B.  Monetary Relief**

The Settlement consists of a non-reversionary, **all-cash** "common fund" in the amount of $2,500,000.00, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved service award to Plaintiff, and attorneys' fees, costs, and expenses to proposed Class Counsel to the extent awarded by the Court.  *Id*. ¶¶ 1.37, 1.40. Each Settlement Class Member who submits a simple Claim Form will receive a *pro rata* cash payment as a percentage of the total amount of Out-of-Pocket Fees he or she paid to Defendant during the class period.  *Id.* ¶ 2.1(b).

**C.  Prospective Relief**

In connection with the Settlement, Defendant agrees to maintain the purchase flow for tickets to New York theaters on its Website in a manner that clearly and conspicuously discloses the total cost of the tickets, inclusive of Booking Fees, prior to the ticket being selected for purchase, unless and until ACAL § 25.07(4) is amended, repealed, or otherwise invalidated.  *Id.* ¶ 2.2.

**D.  Release**

In exchange for the relief described above, Defendant and each of the "Released Parties" as defined at ¶ 1.32 of the Settlement will receive a full release of all claims arising out of or in any way related to Booking Fees in connection with electronic ticket sales from July 31, 2023, to and through July 15, 2024.  *See id.* ¶¶ 1.31-1.33, 3.1-3.2 for full release language.

**E.  Notice And Administration Expenses**

The Settlement Fund will be used to pay the cost of sending the Notice set forth in the

Settlement and any other notice as required by the Court, as well as all other costs of administration of the Settlement. *See id.* ¶¶ 1.36, 1.40.

### F.    Service Award

In recognition of his efforts on behalf of the Settlement Class, the Parties have agreed that Plaintiff may receive, subject to Court approval, a service award of up to $5,000 from the Settlement Fund, as appropriate compensation for his time and effort serving as Class Representative and as a party to the Action. *Id.* ¶ 8.3.

### G.    Attorneys' Fees, Costs, And Expenses

Defendant has agreed that the Settlement Fund may also be used to pay proposed Class Counsel reasonable attorneys' fees and to reimburse costs and expenses in this Action, in an amount to be approved by the Court. *Id.* ¶ 8.1.  Proposed Class Counsel has agreed—with no consideration from Defendant—to limit its petition to the Court for attorneys' fees, unreimbursed costs, and expenses to one-third of the Settlement Fund. *Id.*  Defendant may challenge the amounts requested.  Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded shall remain in the Settlement Fund. *Id.*

## ARGUMENT

## I.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context"); *see also Newberg on Class Actions* § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  The approval of a proposed class action settlement is left to the discretion of the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).

Preliminary approval, which is what Plaintiff seeks here, requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Newberg* § 11.25. To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness … and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

When considering the fairness of a proposed settlement, courts must "expressly consider two core factors when reviewing the substantive fairness of a settlement: the adequacy of relief provided to a class and the equitable treatment of class members." *Moses v. The New York Times Co.*, 79 F.4th 235, 244 (2d Cir. 2023) (citing Fed. R. Civ. P. 23(e)(2)(C)-(D)). When evaluating the relief provided, "courts must 'tak[e] into account,' among other considerations, 'the terms of any proposed award of attorney's fees,'" such that "'both the terms of the settlement and any fee award encompassed in a settlement agreement [is reviewed]' in tandem." *Id.* (citing Fed. R. Civ. P. 23(e)(2)(C)(iii)); *Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Family Trust*, 925 F.3d 63, 72 (2d Cir. 2019)).

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ("*Grinnell*"). Although the Court's present task is to perform an "initial evaluation," *Newberg* § 11.25, it is useful for the Court to consider the criteria on which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the

reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

Courts should also consider the "four enumerated factors in the new [Federal Rule of Civil Procedure] Rule 23(e)(2), in addition to the nine *Grinnell* factors." *Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*, 333 F.R.D. 314, 420 (S.D.N.Y. 2019). The Rule 23(e) factors are whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). "There is significant overlap between the Rule 23(e)(2) and *Grinnell* factors, which complement, rather than displace each other." *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2019 WL 6875472, at *14 (E.D.N.Y. Dec. 16, 2019).

### A.    The *Grinnell* Factors

#### 1.    Litigation Through Trial Would Be Complex, Costly, And Long (*Grinnell* Factor 1)

By reaching a favorable settlement prior to class certification, summary judgment, or trial, Plaintiff seeks to avoid significant expense and delay, and instead ensure recovery for the

class.  "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).  Courts consistently have held that, unless the proposed settlement is clearly inadequate, its acceptance and approval are preferable to the continuation of lengthy and expensive litigation with uncertain results.  *TBK Partners, Ltd. v. Western Union Corp.*, 517 F. Supp. 380, 389 (S.D.N.Y. 1981), *aff'd*, 675 F.2d 456 (2d Cir. 1982).

As noted, the Parties engaged in informal discovery prior to reaching the Settlement, including on issues such as the size and scope of the putative class, specifically the amount of Booking Fees Defendant collected during the relevant time period.  Had no settlement been reached, the next steps in the litigation would have been for the Court to resolve the motion to dismiss, and if that were denied, contested motions for summary judgment and class certification, which would be at minimum costly and time-consuming for the Parties and the Court and create risk that a litigation class would not be certified and/or that the Settlement Class would recover nothing at all.  If Plaintiff prevailed through all of that, the Parties would still have to litigate the case at trial and possible appeals.

More specifically, Plaintiff is aware that Defendant would continue to assert a number of defenses on the merits, including (i) Plaintiff's lack of standing; (ii) ACAL § 25.07(4) does not apply to movie theaters; (iii) Plaintiff's claims are barred by the voluntary payment doctrine; and (iv) Defendant's fees are permitted under ACAL § 25.29, and therefore are not unlawful as Plaintiff alleged.  Fraietta Decl. ¶ 19.  Plaintiff and Class Counsel are also aware that Defendant would oppose class certification vigorously, and Defendant would take the position that Plaintiff is not entitled to bring his claims on a class wide basis.  *Id.*  Plaintiff and Class Counsel further

understand that Defendant would prepare a competent defense at trial. *Id.* Looking beyond trial, Plaintiff is also keenly aware of the fact that Defendant could appeal the merits of any adverse decision. *Id.* Victory for the Defendant at any one of those steps would deprive putative class members of any relief. No matter what the outcome, absent settlement, this case would likely expend significant court resources. And given that ACAL § 25.07(4) was recently enacted, there is no binding authority on these issues. *Id.*

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable and adequate to the Class. Consequently, this *Grinnell* factor plainly weighs in favor of preliminary approval of the Settlement.

### 2.    The Reaction Of The Class (*Grinnell* Factor 2)

Since Notice of the Settlement has not yet been issued to the Class, it is not possible to gauge the reaction of the Class at this time. *In re Warner Chilcott Ltd. Sec. Litig.*, 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Since no notice has been sent, consideration of this factor is premature."). Plaintiff is unaware of any opposition to the present Settlement.

### 3.    Discovery Has Advanced Far Enough To Allow The Parties To Responsibly Resolve The Case (*Grinnell* Factor 3)

"The pertinent question is whether counsel had an adequate appreciation of the merits of the case before negotiating." *Torres v. Gristede's Oper. Corp.*, 2010 WL 5507892, at *5 (S.D.N.Y. Dec. 21, 2010). "[T]he pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement … but an aggressive effort to ferret out facts helpful to the prosecution of the suit." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 176. Prior to reaching the Settlement, the Parties conducted informal discovery including on issues such as the size and scope of the putative class, specifically the amount of Booking Fees Defendant collected during the relevant time period. Fraietta Decl. ¶¶ 8-9. The

Parties also discussed and debated the key facts, legal issues, litigation risks, and potential settlement structures. *See id.* This information was sufficient for the Parties to assess the strengths and weakness of the claims and defenses and their relative negotiating positions. *Id.* ¶ 17.

Further, Class Counsel's experience in class action matters, as well as the other efforts made by counsel on both sides, confirms that the Parties are sufficiently well apprised of the facts of this action, and the strengths and weaknesses of their respective cases, to make an intelligent analysis of the proposed settlement. This *Grinnell* factor thus also weighs in favor of preliminary approval.

4. **Plaintiff Would Face Real Risks If The Case Proceeded (*Grinnell* Factors 4 And 5)**

Although Plaintiff's case is strong, it is not without risk. Defendant has made it clear that, if the litigation continues, it will renew its motion to dismiss for lack of standing, move for summary judgment on various issues, and vigorously contest the certification of a litigation class. In weighing the risks of certifying a class and establishing liability and damages, the court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d. at 177. In the context of this litigation, not only would Plaintiff and the Class face risks in overcoming Defendant's motion practice, as well as certifying a class, but also further litigation will only delay relief to the Settlement Class Members. The Settlement alleviates these risks and provides a substantial benefit to the Settlement Class in a timely fashion. These *Grinnell* factors thus favor preliminary approval.

5. **Establishing A Class And Maintaining It Through Trial Would Not Be Simple (*Grinnell* Factor 6)**

The risk of maintaining the class status through trial is also present. The Court has not

yet certified the proposed Settlement Class and the Parties anticipate that such a determination

would be reached only after discovery is completed, and exhaustive class certification briefing is

filed.  Defendant would argue that individual questions preclude class certification, and also that

a class action is not a superior method to resolve Plaintiff's claims.  Should the Court certify the

class, Defendant would also likely challenge certification through a Rule 23(f) petition, forcing

additional rounds of briefing.  Risk, expense, and delay permeate such a process.  This factor

weighs in favor of preliminary approval.

### 6.      Defendant's Ability To Withstand A Greater Judgment (*Grinnell* Factor 7)

Defendant probably could not withstand a much greater judgment.  As aforementioned,

Defendant just recently emerged from Chapter 11 bankruptcy.  Thus, this factor weighs in favor

of preliminary approval.

### 7.      The Settlement Amount Is Reasonable In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 And 9)

"The determination of whether a settlement amount is reasonable does not involve the

use of a 'mathematical equation yielding a particularized sum … Instead, there is a range of

reasonableness with respect to a settlement – a range which recognizes the uncertainties of law

and fact in any particular case and the concomitant risks and costs necessarily inherent in taking

any litigation to completion."  *Esposito v. Nations Recovery Center, Inc.*, 2021 WL 2109077 (D.

Conn. May 25, 2021)*.*  Because a settlement provides certain and immediate recovery, courts

often approve settlements even where the benefits obtained as a result of the settlement are less

than those originally sought.  Per the Second Circuit in *Grinnell*, "[t]here is no reason, at least in

theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth of a

single percent of the potential recovery."  495 F.2d at 455 n.2.

12

Here, the non-reversionary cash Settlement Fund represents more than 100% of the allegedly unlawful fees collected by Defendant, and each Settlement Class Member who submits a simple Claim Form will receive a *pro rata* cash payment as a percentage of the Out-of-Pocket Fees paid to and received by Defendant during the class period, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid by Defendant.  Settlement ¶¶ 1.40; 2.1(b).  In addition, Defendant acknowledges that it has changed the purchase flow for tickets on its website to clearly and conspicuously disclose the total cost of the tickets, inclusive of Booking Fees, prior to the ticket being selected for purchase, in a manner that complies with ACAL § 25.07(4).  *Id.* ¶ 2.2.  Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the Settlement is more than reasonable.  Moreover, when a settlement assures payment of substantial amounts to class members, and does not "sacrific[e] 'speculative payment of a hypothetically larger amount years down the road,'" it is reasonable under this factor.  *Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008).

### B.     The Rule 23(e)(2) Factors

#### 1.     The Class Representative And Class Counsel Have Adequately Represented The Class (Rule 23(e)(2)(A))

"Determination of adequacy typically entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 330 F.R.D. 11, 30 (E.D.N.Y. 2019).  Here, "plaintiff's interests are aligned with other class members' interests because [he] suffered the same injuries:" paying an allegedly unlawful Booking Fee to Defendant due to its alleged failure

13

to properly disclose the fee. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019). "Because of these injuries, plaintiffs have an interest in vigorously pursuing the claims of the class." *Id.* Further, numerous other courts in this District, including this Court, have previously found that proposed Class Counsel adequately meet the obligations and responsibilities of class counsel. *See* Fraietta Decl. Ex. 2, Firm Resume of Bursor & Fisher, P.A. This factor thus favors preliminary approval.

### 2.  The Settlement Was Negotiated At Arm's Length

Proposed Class Counsel and counsel for Defendant are experienced in class action litigation and engaged in protracted settlement discussions with the benefit of all necessary information to make an informed and intelligent evaluation of the strengths and weaknesses of the case. Accordingly, this Rule 23(e)(2) factor has been met.

### 3.  The Settlement Provides Adequate Relief To The Class

Whether relief is adequate takes into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Rule 23(e)(2)(C)(i-iv). As to "the costs, risks, and delay of trial and appeal," this factor "subsumes several *Grinnell* factors … including: (i) the complexity, expense and likely duration of the litigation; (ii) the risks of establishing liability; (iii) the risks of establishing damages; and (iv) the risks of maintaining the class through the trial. *In re Payment Card Interchange*, 330 F.R.D. at 36. As noted above, the Settlement has met each of these *Grinnell* factors. *Supra* §§ I.A(1)-(7). As to "any agreement required to be identified by Rule 23(e)(3)," no such agreement exists in this case other than the Settlement. Fraietta Decl. ¶ 21.

As to "the effectiveness of any proposed method of distributing relief to the class," "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *In re Payment Card Interchange*, 330 F.R.D. at 40. Here, under the terms of the Settlement, Settlement Class Members who submit a timely Claim Form will receive a *pro rata* portion of the Settlement Fund, as a percentage of the Out-of-Pocket Fees paid to and received by Defendant during the class period, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid from the Settlement Fund. Settlement ¶ 2.1(b). This plan was proposed by experienced and competent counsel with the assistance of an experienced Settlement Administrator and ensures "the equitable and timely distribution of a settlement fund without burdening the process in a way that will unduly waste the fund." *In re GSE Bonds*, 414 F. Supp. 3d at 695.

As to "the terms of any proposed award of attorney's fees," proposed Class Counsel will apply for attorneys' fees, costs, and expenses "not to exceed one-third" of the Settlement Fund, which amounts to no more than $833,333.33. Settlement ¶ 8.1. This is a reasonable request, as courts in this Circuit routinely approve fee requests in the amount of one-third of a common fund. *See*, *e.g.*, *Hayes v. Harmony Gold Min. Co.*, 2011 WL 6019219, at *1 (S.D.N.Y. Dec. 2, 2011) (awarding "attorneys' fees in the amount of one third" of a $9 million settlement fund), *aff'd* 509 F. App'x 21, 23-24 (2d Cir. 2013) (affirming fee award, and noting "the prospect of a percentage fee award from a common fund settlement, as here, aligns the interests of class counsel with those of the class"); *Norcross v. Tishman Speyer Properties, L.P.*, Case No. 1:23-cv-11153-JPO, ECF No.36 (S.D.N.Y. Aug. 16, 2024) (awarding 33% of $1.1 million settlement fund). As courts in this District have noted, fee requests for up to one-third of common funds

represent what "reasonable, paying client[s] … typically pay … of their recoveries under private retainer agreements." *Reyes v. Altamarea Grp.*, 2011 WL 4599822, at *8 (S.D.N.Y. Aug. 16, 2011).

### 4.    The Settlement Treats All Class Members Equally

This Rule 23(e)(2) factor discusses "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." *In re Payment Card Interchange*, 330 F.R.D. at 47. Here, the Settlement distributes cash relief on a *pro rata* basis as a percentage of the total amount of fees paid to and received by Defendant during the class period, which has been found by courts in this Circuit to be equitable. *See id.*; *see also, e.g.*, *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 667 (S.D.N.Y. 2015) (finding that a *pro rata* distribution plan "appears to treat the class members equitably … and has the benefit of simplicity"). Thus, this Rule 23(e)(2) factor weighs in favor of approval.[3]

Because the Settlement is, on its face, "'fair, adequate, and reasonable, and not a product of collusion,'" *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani,* 218 F.3d 132, 138-39 (2d Cir. 2000)), the Court should grant preliminary approval.

---

[3] Additionally, the Second Circuit has found that "the existence and extent of incentive payments is relevant to whether 'class members [are treated] equitably relative to each other.'" *Moses*, 79 F.4th at 245 (quoting Fed. R. Civ. P. 23(e)(2)(D)) ("[T]he equitable-treatment requirement protects the interests of class representatives who play an active role in the litigation … [while] [a]t the same time, the rule requires that courts reject incentive awards that are excessive compared to the service provided by the class representative …."). Here, the requested $5,000 service award comprises a mere 0.2% of the Settlement Fund and will have a *de minimis* impact on class member recovery.

## II.    CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE

Plaintiff respectfully requests that the Court conditionally certify the Settlement Class for purposes of effectuating the Settlement.  *See Newberg* § 11.27 ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only."); *County of Suffolk v. Long Island Lighting Co*., 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class."), *aff'd in part, rev'd in part on other grounds*, 907 F.2d 1295 (2d Cir. 1990).  The Court should determine that the proposed Settlement Class satisfies the requirements of both Rule 23(a) and at least one of the subsections of Rule 23(b), and provisionally certify the Settlement Class, appoint Plaintiff's counsel as Class Counsel, and appoint Plaintiff as the Class Representative.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Newberg* § 11:27.

Under Rule 23(a), a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). Rule 23(a) requires that:

> (1) [T]he class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(b)(3) requires the court to find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of

the controversy." Fed. R. Civ. P. 23(b)(3).

### A.    Numerosity

Numerosity is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, the proposed Settlement Class encompasses 565,992 "guest" checkout transactions. Settlement ¶ 6.2.

### B.    Commonality

Commonality is satisfied when the claims depend on a common contention, the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). Although the claims need not be identical, they must share common questions of fact or law. *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 698 F.2d 150, 153-54 (2d Cir. 1983); *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997), *aff'd in part, rev'd in part on other grounds*, 164 F.3d 81 (2d Cir. 1998). There must be a "unifying thread" among the claims to warrant class certification. *Kamean v. Local 363, Int'l Bhd. of Teamsters*, 109 F.R.D. 391, 394 (S.D.N.Y. 1986). Courts construe the commonality requirement liberally. *Frank*, 228 F.R.D. at 181 (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198-99 (S.D.N.Y. 1992)).

Here, there are common questions of law and fact that will generate common answers apt to drive the resolution of the litigation. Plaintiff alleges that Defendant uniformly failed to properly disclose its Booking Fee before the ticket was selected for purchase. *See* Compl. ¶¶ 1, 9-15 and Figures 1-7. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increase during the

18

purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).  If

Defendant violated the statute, then the rights of every member of the Settlement Class under the

statute have been violated in the exact same manner, and damages can be precisely calculated for

each member of the Settlement Class.  Accordingly, "[c]ourts considering similar claims of

unlawful payment policies routinely certify classes based on evidence of a common policy."

*Pichardo v. Carmine's Broadway Feast Inc.*, 2016 WL 5338551, at *3 (S.D.N.Y. Sept. 26,

2016).

  **C. Typicality**

  Typicality is satisfied "when each class member's claim arises from the same course of

events, and each class member makes similar legal arguments to prove the defendant's liability."

*Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotations omitted).  "Minor

variations in the fact patterns underlying individual claims" do not defeat typicality when the

defendant directs "the same unlawful conduct" at the named plaintiff and the class.  *Robidoux v.

Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).  Courts evaluate typicality "with reference to the

company's actions, not with respect to particularized defenses it might have against certain class

members."  *Trinidad v. Breakaway Courier Sys., Inc.*, 2007 WL 103073, at *6 (S.D.N.Y. Jan. 12,

2007) (quoting *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996)).

  Here, Plaintiff alleges that Defendant violated ACAL § 25.07(4) by failing to properly

disclose and then subsequently charging a Booking Fee for online tickets to its movie theaters in

New York state.  Compl. ¶¶ 1, 9-15 and Figures 1-7.  It is Plaintiff's contention that Defendant's

Website's purchase flows were presented in the exact same manner and were directed at, or

affected, both Plaintiff and the members of the putative class in the same exact way.  *See id.*

Accordingly, by pursuing his own claims in this matter, Plaintiff will necessarily advance the

interests of the Settlement Class, and typicality is therefore satisfied.  *See, e.g.*, *Norcross*, ECF

No. 24 at ¶ 10; *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 565-66 (S.D.N.Y. 2014) (Rakoff, J.)

(holding that the typicality requirement was satisfied where "the lead plaintiffs' and other class

members' claims ar[o]se out of the same course of conduct by the defendant and [were] based on

the same legal theories"); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405-406 (S.D.N.Y. 2015)

(same).

### D.    Adequacy Of The Named Plaintiff

"The adequacy requirement exists to ensure that the class representatives will 'have an

interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to

the interests of other class members.'" *Toure v. Cent. Parking Sys.*, 2007 WL 2872455, at *7

(S.D.N.Y. Sept. 28, 2007) (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir.

2006)).  "'[O]nly a conflict that goes to the very subject matter of the litigation will defeat a

party's claim of representative status.'" *Dziennik v. Sealift, Inc.*, 2007 WL 1580080, at *65

(E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.,* 181 F.R.D. 243, 259 (S.D.N.Y.

1998)).  In this case, Plaintiff – like each and every member of the Settlement Class– purchased

tickets to Defendant's New York based movie theaters and paid an allegedly unlawful Booking

Fee in connection with that purchase.  Compl. ¶ 31.  Thus, Plaintiff and the members of the

Settlement Class have the exact same interest in recovering the damages to which they are

entitled.  As such, Plaintiff does not have any interest antagonistic to those of the proposed

Settlement Class and his pursuit of this litigation should be clear evidence of that.

Likewise, proposed Class Counsel have extensive experience in litigating class actions of

similar size, scope, and complexity to the instant action.  Fraietta Decl. ¶ 16; *see also id.* Ex. 2,

Firm Resume of Bursor & Fisher, P.A.  Proposed Class Counsel regularly engages in major

complex litigation involving consumer claims, has the resources necessary to conduct litigation

of this nature, and has frequently been appointed lead class counsel by courts throughout the

country. *See, e.g.*, *Ebin*, 297 F.R.D. at 566 ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in [six] class action jury trials since 2008."). Further, proposed Class Counsel has devoted substantial resources to the prosecution of this action by investigating Plaintiff's claims and that of the Settlement Class, litigating a motion to dismiss, conducting informal discovery, participating in a mediation, and ultimately, negotiating a favorable class action settlement. *See* Fraietta Decl. ¶¶ 4-15.

### E.    The Proposed Settlement Class Satisfies Requirements Of Rule 23(b)(3)

Rule 23(b)(3) requires that common questions "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) will allow class members to opt out of the settlement and preserve their right to seek damages independently. *Cf. Brown v. Title Ticor Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992). This approach protects class members' due process rights. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846-48 (1999). As shown below, Plaintiff has met the Rule 23(b)(3) requirements.

### 1.    Common Questions Predominate

Rule 23(b)(3)'s predominance requirement focuses on whether the Defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Where plaintiffs are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied. *McBean v. City of New York*, 228 F.R.D. 487, 502 (S.D.N.Y. 2005). That Plaintiff easily meets the Rule 23(a) criteria is a strong indicator that Rule 23(b)(3) is satisfied. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir.

1986) (satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality").

Here, Plaintiff's allegations all center around Defendant's Booking Fee "at checkout after clicking through the various screens required to make a purchase." Compl. ¶ 1. "Courts considering similar claims of unlawful payment policies routinely certify classes based on evidence of a common policy." *Pichardo*, 2016 WL 5338551, at *3; *see also Cassese v. Washington Mutual, Inc.*, 255 F.R.D. 89, 98 (E.D.N.Y. 2008) (certifying a class of consumers who "who paid or will be demanded to pay prohibited fees"). Since Plaintiff alleges Defendant engaged in a common course of conduct, predominance is met.

## 2.    A Class Action Is A Superior Mechanism

Rule 23(b)(3)'s superiority requirement examines whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968). Rule 23(b)(3) sets forth a non-exclusive list of relevant factors, including whether individual class members wish to bring, or have already brought, individual actions; and the desirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3).[4] Here, Plaintiff and the members of the Settlement Class have limited financial resources with which to prosecute individual actions, and Plaintiff is unaware of any individual lawsuits that have been filed by members of the Settlement

---

[4] Another factor, whether the case would be manageable as a class action at trial, is not of consequence in the context of a proposed settlement. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a [trial] court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial[.]"); *Frank*, 228 F.R.D. at 183 ("The court need not consider the [manageability] factor, however, when the class is being certified solely for the purpose of settlement."). Moreover, denying class certification on manageability grounds is "disfavored" and "should be the exception rather than the rule." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124,140 (2d Cir. 2001) (internal quotation marks omitted).

Class arising from the same allegations.  Employing the class device here will not only achieve economies of scale for the Settlement Class, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the expense of repetitive proceedings and preventing inconsistent adjudications of similar issues and claims. *See Hanlon*, 150 F.3d at 1023.  A class action is the most suitable mechanism to fairly, adequately, and efficiently resolve the putative settlement class members' claims.

III.    **PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL**

Under Rule 23, "a court that certifies a class must appoint counsel … [who] must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this determination, the Court considers proposed Class Counsel's:  (1) work in identifying or investigating the potential claim, (2) experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) knowledge of the applicable law, and (4) resources that it will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). As discussed above, proposed Class Counsel has extensive experience in prosecuting consumer class actions in general.  *See supra*.  And as a result of their zealous efforts in this case, proposed Class Counsel has secured substantial monetary relief to the Settlement Class.  *See supra*.  Thus, the Court should appoint Philip L. Fraietta and Stefan Bogdanovich of Bursor & Fisher, P.A. as Class Counsel.  *See* Settlement ¶ 1.8.

IV.    **THE PROPOSED NOTICE PLAN SHOULD BE APPROVED**

A.    **The Content Of The Proposed Class Notice Complies With Rule 23(c)(2)**

Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or

> defenses; that a class member may enter an appearance through
> counsel if the member so desires; that the court will exclude from
> the class any member who requests exclusion, stating when and
> how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

The Notice will provide detailed information about the Settlement, including: (1) a comprehensive summary of its terms; (2) Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and a service award for Plaintiff; and (3) detailed information about the Released Claims. *See* Settlement ¶ 1.22, Exs. B-C. In addition, the Notice will provide information about the Final Approval Hearing date, the right of members of the Settlement Class to seek exclusion from the Settlement Class or to object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information. *Id.* In short, the Notice Plan is intended to fully inform members of the Settlement Class of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights. The very detailed information in this proposed notice goes well beyond the requirements of the Federal Rules. Indeed, courts have approved class notices even when they provided only general information about a settlement. *See, e.g.*, *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

## B.    Distribution Of The Class Notice Will Comply With Rule 23(c)(2)

The Parties have agreed upon a multi-part notice plan that easily satisfies the requirements of both Rule 23 and due process. First, Defendant will provide the Class List identifying names, last known email addresses, and the total amount of Out-of-Pocket Fees paid by each Settlement Class Member, to the extent available, to the Settlement Administrator. *See* Settlement ¶ 4.1(a). The Settlement Administrator will then send direct notice by email to all members of the Settlement Class for whom a valid email address is identified in Defendant's

records.  *See id.* ¶ 4.1(b).  The email will contain an electronic link to the online Claim Form.  *See id.*  Further, the Settlement Administrator will establish a Settlement Website that shall contain the "long form notice," as well as access to important Court documents, upcoming deadlines, and the ability to file Claim Forms online.  *See id.* ¶ 4.1(d).  Moreover, the Settlement Administrator will send two reminder notices both 30 days and 7 days prior to the Claims Deadline to all Settlement Class Members who have yet to file a claim at that time.  *See id.* ¶ 4.1(c).  Finally, pursuant to 28 U.S.C. § 1715, the Settlement Administrator shall cause to be served appropriate notice upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.  *See id.* ¶ 4.1(e).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion for Preliminary Approval of the Settlement.  A Proposed Order granting preliminary approval, certifying the Settlement Class, appointing Class Counsel, and approving the Proposed Notice of Settlement, is submitted herewith.

Dated: November 13, 2024                    Respectfully submitted,

                                            **BURSOR & FISHER, P.A**.

                                            By:    */s/ Philip L. Fraietta*
                                                      Philip L. Fraietta

                                            Philip L. Fraietta
                                            1330 Avenue of the Americas, 32nd Floor
                                            New York, NY 10019
                                            Telephone: (646) 837-7150
                                            Facsimile: (212) 989-9163
                                            Email: pfraietta@bursor.com

                                            Stefan Bogdanovich (*pro hac vice*)
                                            1990 North California Blvd., Suite 940
                                            Walnut Creek, CA 94596

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Proposed Class Counsel*