UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIM JONES, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br>    v.<br><br>REGAL CINEMAS, INC.,<br><br>               Defendant. | Civil Action No.: 1:23-cv-11145-MMG<br><br>Hon. Margaret M. Garnett |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

     1.     I am a partner at Bursor & Fisher, P.A., Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I make this Declaration in support of Plaintiff's Motion for Final Approval of Settlement and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

     2.     Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

     3.     Beginning in November 2023, my firm commenced a pre-suit investigation of companies' violations of the newly-enacted New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4), including Defendant Regal Cinemas, Inc. ("Defendant"). The theory of liability was novel. No case had ever been brought under ACAL § 25.07(4), nor had any court issued an opinion interpreting the statute. Thus, our investigation was extensive and involved in-depth

research into the legislative history of ACAL § 25.07(4), issues pertaining to statutory interpretation under New York law, as well as factual research regarding Defendant's website and implementation of processing fees.

4. On December 22, 2023, Plaintiff and Class Counsel filed the Class Action Complaint in this matter. ECF No. 1. The material allegations of the Complaint center on Defendant's alleged failure to disclose a "booking fee" for online purchase of tickets to its movie theaters in New York state at the first time the purchaser saw the price of the tickets, in alleged violation of ACAL § 25.07(4). *See generally id.*

5. On February 16, 2024, Defendant responded to the Complaint by filing a pre-motion letter requesting permission to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). ECF No. 9. On February 23, 2024, Plaintiff opposed Defendant's letter. ECF No. 10. The Court conducted a conference on March 13, 2024, at which it granted Defendant leave to file its motion to dismiss.

6. On April 12, 2024, Defendant filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 18. Plaintiff filed his Opposition on May 13, 2024. ECF No. 20. Defendant filed its Reply on May 28, 2024. ECF No. 22.

7. From the outset of the case, the Parties engaged in settlement discussions pursuant to their obligations under Fed. R. Civ. P. 26 and, to that end, agreed to participate in a private mediation on September 30, 2024 with the Honorable Shira A. Scheindlin (Ret.), formerly of that Southern District of New York.

8. As a part of the mediation, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, specifically the amount of Booking Fees Defendant collected during the relevant time period. The Parties also discussed and debated the

key facts, legal issues, litigation risks, and potential settlement structures. The Parties also discussed the effects of Defendant's recent emergence from Chapter 11 bankruptcy on its financial condition.

9. Given that the information exchanged would have been, in large part, the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses and their relative negotiating positions.

10. On September 30, 2024, the Parties conducted a full-day mediation before Judge Scheindlin. At the conclusion of the mediation, the Parties reached an agreement on all material terms of a class action settlement and executed a term sheet.

11. In the weeks following, a Settlement Administrator was engaged and the Parties, in consultation with the Settlement Administrator on matters of notice and claims administration, negotiated the full-form Settlement.

12. Informal discovery showed that Defendant collected $2,380,551.54 in allegedly unlawful Booking Fees and sold 1,255,995 electronic tickets through 565,992 "guest" checkout transactions on Defendant's Website, for film screenings at Defendant's cinemas located in New York state from July 31, 2023 to and through July 15, 2024. The Parties also acknowledge that Defendant changed the purchase flow for tickets on its online platforms as of July 16, 2024 to display the Booking Fee that was the subject of this litigation in a manner that complies with ACAL § 25.07(4). Furthermore, all causes of action against Defendant that arose prior to July 31, 2023, were discharged in bankruptcy. *In re Cineworld Gro. PLC*, Case No. 22-90168 (S.D. Tc.) at ECF No. 1982 ¶ 98; 1943, § IX[A]; ECF No. 2067.

13. The resulting $2,500,000.00 Settlement secures extraordinary relief for the class,

which is defined as "all individuals in the United States who purchased electronic tickets to any film screening in any of Defendant's cinemas located in New York state from Defendant's Website from July 31, 2023, to and through July 15, 2024, using the guest checkout process." ECF No. 32 ¶ 9.

14. Pursuant to the terms of the proposed Settlement, every member of the Settlement Class who submits a timely and valid Claim Form will receive a pro rata cash payment from the Settlement Fund. Settlement ¶¶ 1.40; 2.1(b). The pro rata payment for each Settlement Class Member will be equal to that Settlement Class Member's Out-of-Pocket Percentage multiplied by the Available Settlement Fund, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid from the Settlement Fund. *Id.*

15. In addition, Defendant acknowledges that they changed their purchase flow process for tickets on its website to display the Booking Fee that was the subject of this litigation in a manner that complies with ACAL § 25.07(4) and agrees to maintain the purchase flows for tickets to New York theaters on Defendant's Website in a manner that clearly and conspicuously discloses the total cost of the tickets, inclusive of Booking Fees, prior to the ticket being selected for purchase, unless and until New York Arts and Cultural Affairs Law § 25.07(4) is amended, repealed, or otherwise invalidated. *Id.* ¶ 2.2.

16. The Court preliminarily approved the Settlement on November 20, 2024. ECF No. 32.

17. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determined all the contours of the proposed class, and reached a fair and reasonable compromise after negotiating the terms of

the Settlement at arms' length.

18. Plaintiff and Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to secure an award of damages under ACAL §§ 25.07(4) and 25.33, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

19. Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Still today, there is no binding authority on the statute and no case under the statute has progressed to contested class certification, summary judgment, or trial.

20. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment. More specifically, Plaintiff and Class Counsel are aware that Defendants would continue to assert a number of defenses on the merits, including (i) Plaintiff's lack of standing; (ii) ACAL 25.07(4) does not apply to movie theaters; (iii) Plaintiff's claims are barred by the voluntary payment doctrine; and (iv) Defendant's fees are permitted under ACAL § 25.29, and therefore are not unlawful as Plaintiff alleged. Critically, ACAL § 25.07(4) has hardly been litigated, and thus, the scope of the statute is in dispute as there is no binding authority interpreting the statute. Defendant would also oppose class certification vigorously, and Defendant would take the position that Plaintiff is not entitled to bring his claims on a class wide basis. Defendant would also prepare a competent defense at trial. And looking beyond trial, Plaintiff is also keenly aware that Defendant could appeal the merits of any adverse

decision.

21.     Plaintiff and Class Counsel believe that the monetary relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

22.     Attached hereto as **Exhibit 2** is a current firm resume for Bursor & Fisher, P.A.

23.     As aforementioned, my firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Ex. 2; Firm Resume of Bursor & Fisher, P.A.). Indeed, my firm has brought several other cases on behalf of putative class members for violations of ACAL § 25.07(4). *See*, *e.g.*, *Norcross v. Tishman Speyer Properties, L.P.*, Case No. 1:23-cv-11153-JPO, ECF No. 36 (S.D.N.Y. Aug. 16, 2024) (granting final approval of similar ACAL § 25.07(4) settlement); *Charles v. Color Factory, LLC*, Case No. 1:24-cv-00322-JSR, ECF No. 48 (S.D.N.Y. Nov. 7, 2024) (same); *Puller v. Legends OWO, LLC*, Case No. 1:24-cv-00209-RA, ECF No. 43 (S.D.N.Y. Nov. 6, 2024) (granting preliminary approval of similar ACAL § 25.07(4) settlement and setting final fairness hearing for March 7, 2025).

24.     In addition, my firm has also been recognized by courts across the country for its expertise. (*See* Ex. 2); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.") [1]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y.

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

Jan. 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

25. Moreover, my firm has served as trial counsel for class action Plaintiffs in six jury trials and has won all six, with recoveries ranging from $21 million to $299 million.

26. Plaintiff and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

27. The Settlement Agreement attached hereto as **Exhibit 1** is the only agreement in connection with the proposed settlement.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 19 day of February, 2025 at New York, New York.

            */s Philip L. Fraietta*
            Philip L. Fraietta